**DACOR CORPORATION, an Illinois Corporation, Plaintiff,**

**v.**

**SIERRA PRECISION, a California Corporation, Defendant.**

**No. 90 C 4380.**

United States District Court,
N.D. Illinois, E.D.

Jan. 9, 1991.

---

Dennis J. Eslick, Pierce, Yavitz & Eslick, Ltd., Chicago, Ill., for plaintiff.

M. Patricia Chapin, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Plaintiff Dacor Corporation ("Dacor") is a manufacturer of scuba diving equipment. Between 1985 and 1987, Dacor purchased scuba regulator hoses from defendant Sierra Precision ("Sierra"). Dacor incorporated the regulator hoses into its products, which were then distributed to Dacor dealers. When Dacor discovered that the regulator hoses were defective, it conducted a product recall. Having initially purchased the defective products from Sierra, Dacor commenced this diversity action against Sierra. Dacor's two-count complaint asserts claims for breach of contract (Count I) and breach of the implied warranty of merchantability (Count II). Sierra has moved to dismiss Count I in its entirety and a portion of Count II. During the pendency of the motion to dismiss, Dacor voluntarily dismissed Count I. Consequently, this order only concerns Count II.

With respect to Count II, Sierra does not contest the substance of Dacor's breach of warranty claim. Instead, Sierra objects to the damage request contained in paragraph 15 of the complaint. Sierra moves to dismiss paragraph 15 to the extent it contains a request for consequential damages and loss of good will.

In moving to dismiss Dacor's request for consequential damages, Sierra argues that the "pleading of Paragraph 15 duplicates the damage plea in Paragraph 14 and impermissibly combines claims for incidental and consequential damages." *Motion to Dismiss*, at 2. This court, however, fails to see how paragraph 15 duplicates the damage claim in paragraph 14. In paragraph 14, Dacor seeks damages in

an amount equal to the difference between the value of the regulator hoses sold to Dacor and the value the regulator hoses would have had if they had been as warranted. Paragraph 15, in contrast, refers to the incidental and consequential damages flowing from the recall of the defective products. Paragraphs 14 and 15 involve separate claims for damages, and are not duplicative in any way. As for Sierra's contention that Dacor has "impermissibly combined" the claims for incidental and consequential damages, it is sufficient to note that Sierra has provided no support for its position. While incidental and consequential damages are distinct forms of damages (see Ill.Rev.Stat. ch. 26, para. 2–715(1), (2)), Sierra does not explain how they were "impermissibly combined" in paragraph 15. Sierra simply provides no basis for assessing the validity of its argument. As such, that argument is rejected.

 Sierra's final challenge to Dacor's request for consequential damages is that Dacor has not alleged any facts demonstrating its entitlement to consequential damages. Yet, Dacor explicitly alleges that it incurred $136,337.08 in damages as a result of recalling the defective products. Sierra suggests that these costs do not fit within the strict definition of consequential damages. *See* Ill.Rev.Stat. ch. 26, para. 2–715(2). Apparently, Sierra believes that the costs of recall can never be characterized as consequential damages. This assumption is erroneous. *See National Crane Corp. v. Ohio Steel Tube Co.,* 213 Neb. 782, 332 N.W.2d 39, 46 (1983) (Boslaugh, J., dissenting) ("the losses incurred to finance a recall program are consequential, not actual, damages under the Uniform Commercial Code"); *see also* Stone, *Recovery of Consequential Damages for Product Recall Expenditures,* 1980 B.Y.U. L.Rev. 485 (1980). Indeed, Sierra has not provided any authority upon which to conclude, as a matter of law, that the costs of a product recall cannot be recovered as consequential damages. Dacor's allegations put Sierra on notice as to the nature of relief sought and the extent of damages. At this stage of the litigation, Dacor's allegations are sufficient. The court will not require Dacor to parrot the language of

Ill.Rev.Stat. ch. 26, para. 2–715(2) in order to pursue a claim for consequential damages. Accordingly, Sierra's motion to dismiss is denied as far as consequential damages are concerned.

 Sierra's challenge to the legal sufficiency of Dacor's claim for loss of goodwill is more persuasive. Dacor does not seek damages attributable to a loss of existing customers; rather, Dacor requests damages for the loss of potential customers. Due to the speculative nature of such a damage request, loss of goodwill is not compensable in a contract action. *Chrysler Corp. v. E. Shavitz & Sons,* 536 F.2d 743, 746 (7th Cir.1976); *see also Manuel Int'l, Inc. v. M.R. Berlin Co.,* 525 F.Supp. 90, 94 (N.D.Ill.1981) ("damage to business reputation, or loss of good will, is not recoverable in a breach of contract claim under Illinois law"). The comments of Judge Augustus Hand, as quoted by the Seventh Circuit in *Chrysler Corp., supra,* are equally apropos here:

> If the plaintiff … can recover for loss of good will, it is difficult to see what limits are to be set to the recovery of such damages in any case where defective goods are sold and the vendee loses customers. Indeed, if such were the holding, damages which the parties never contemplated would seem to be involved in every contract of sale.

*Chrysler Corp.,* 536 F.2d at 746 (quoting *Armstrong Rubber Co. v. Griffith,* 43 F.2d 689, 691 (2d Cir.1930)). Insofar as Dacor seeks damages for loss of goodwill, Sierra's motion to dismiss is granted.

For the foregoing reasons, Sierra's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.